UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUTOMOTIVE FINANCE ) | |
| CORPORATION, ) | |
| ) | |
| Plaintiff, ) | 1:05-cv-1614 RLY-WTL |
| ) | |
| vs. ) | |
| ) | |
| KANSAS MOTOR COMPANY, ) | |
| THOMAS L. TUCKER, PAMELA K. ) | |
| TUCKER and CAR CARE, INC., ) | |
| | |
| Defendants. | |

**ENTRY ON MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Automotive Finance Corporation ("AFC"), brought this lawsuit against Kansas Motor Company ("KMC"), Car Care, Inc., Thomas L. Tucker and Pamela K. Tucker, arising from an alleged breach of a floor plan lending arrangement. This court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens or entities of different states. Recently, Defendants KMC and Care Care, Inc. were defaulted and judgment in favor of AFC and against those defendants was entered. AFC now seeks summary judgment in its favor and against Defendants Thomas and Pamela Tucker ("the Tuckers") on Counts II and III of its complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Tuckers have failed to respond to the motion. For the reasons set forth below, AFC's Motion for Summary Judgment is

granted in part and denied in part.

## I.    Summary Judgment Standard

Summary judgment is appropriate when the record shows that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A "genuine" dispute about a material fact exists if the evidence is such that a reasonable jury could return the verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   In determining whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party.  *Id.* at 255.

On a motion for summary judgment, the moving party bears the initial responsibility of coming forward and identifying those portions of the record which it believes demonstrates the absence of any genuine issue of material fact.  *Celotex. Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Where the moving party meets its initial burden of supporting the motion, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The mere existence of an alleged factual dispute between the parties or the existence of "some metaphysical doubt as to the material facts" is not sufficient to defeat a motion for summary judgment.  *Robin v. Espo Engineering Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000).

By not responding to the moving party's motion for summary judgment, the non-moving party is admitting that no material issue of fact exists. *See Glass v. Dachel*, 2 F.3d 733, 739 (7th Cir. 1993). "If the court concludes that the same undisputed facts entitle either party to relief, it can so state." *Id*. Furthermore, district courts are not obliged to scour the record looking for factual disputes. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994).

## II.     Factual Background

In October 2002, KMC executed a "Demand Promissory Note and Security Agreement" in favor of AFC (the "Note"), which was later amended on February 3, 2004, to increase the amount under the Note to $500,000 in favor of AFC. The terms of the amended Note, in relevant part, provided that KMC agreed to pay AFC the principal sum of $500,000, or such greater or lesser principal amount as may be outstanding, together with interest on the principal at a variable rate, adjusted each business day, based upon the most recent prime rate published in *The Wall Street Journal* plus 4.5% per annum, attorneys' fees, and costs of collection, without relief from valuation and appraisement laws. In the event of default, KMC agreed to pay the prime interest rate as published in *The Wall Street Journal* plus 8% per annum, accuruing from the first date of default. The Note provides that in the event of default, at AFC's election, the entire unpaid balance, plus default interest, shall become immediately due and payable, without notice. The Note also provides that its terms shall be governed by the substantive laws of the State of

Indiana.

Around February 3, 2004, and in connection with the amendment to the note, the Tuckers executed an Unconditional Guaranty ("Guaranty") in favor of AFC. Under the terms of the Guaranty, the Tuckers are responsible for "the full and prompt payment, when due, whether by acceleration or otherwise, together with interest and all costs, expenses and attorney's fees, of any and all obligations . . . .". Additionally, the Guaranty provides that in the event KMC fails to pay all or any part of its obligations under the Note, the Tuckers promise and agree to "immediately pay the amount due and unpaid by the Debtor in like manner as if such amount constituted the direct and primary obligation..." of the Tuckers. Further, the Tuckers agree "to pay all costs, expenses, and attorneys' fees incurred by AFC" in the enforcement of the Guaranty. The Guaranty provides that it shall be governed by the substantive laws of the State of Indiana.

KMC has defaulted on the Note. Likewise, the Tuckers have failed to tender the payment due under the Guaranty, and have accordingly breached the Guaranty. AFC has suffered actual damages from the Tuckers' failure to make payments. AFC has also incurred legal fees and expenses in pursuing its rights and remedies against the Tuckers, including the legal fees and costs incurred by pursuing this action through November 14, 2005. In addition, AFC has incurred miscellaneous vehicle costs and prejudgment interest, and per diem charges per day after November 14, 2005.

Paragraphs 2.6 and 4.0 of the Note provide that proceeds received from the disposition of motor vehicles by KMC that were purchase money inventory to AFC are held in trust for the benefit of AFC and shall be paid to AFC within 48 hours after the disposition (by sale or otherwise) of an item defined as purchase money inventory. Though not set forth by AFC as an undisputed material fact, AFC submits an affidavit of one of its Vice Presidents which states that a lot inventory indicates that vehicles were sold and the proceeds not tendered to AFC.

### III.   Analysis

#### A.   Guaranty

The Tuckers admit in their answer to AFC's complaint that they have breached the Guaranty. Because of this admission, AFC is entitled to summary judgment on Count II of its complaint which seeks damages for breach of the Guaranty. The issue becomes the appropriate amount of any judgment awarded. "The extent of a guarantor's liability is determined by the terms of his or her contract." *S-Mart, Inc. v. Sweetwater Coffee Co., Ltd.*, 744 N.E.2d 580, 585 (Ind. Ct. App. 2001), *trans. denied,* 761 N.E.2d 416 (Ind. 2001). The Tuckers' Guaranty provides that they guarantee payment of all obligations under the note along with "interest and all costs, expenses and attorneys' fees." Those amounts have not been paid and the Tuckers are therefore liable for them.

AFC has provided sworn affidavits in support of an award of actual damages in the

amount of $210,377.76, miscellaneous vehicle costs of $89,365.58, reasonable legal fees and costs of $2,646.00, prejudgment interest in the amount of $11,741.60 through November 14, 2005, and $87.66 per diem thereafter through the date of entry of the judgment. The Tuckers' have not disputed those amounts and therefore a judgment in favor of AFC on Count II for those amounts is appropriate.

### B. Liability for Treble Damages under Criminal Statutes

AFC alleges that the Tuckers committed criminal deception pursuant to Indiana Code § 35-43-5-3 and criminal fraud pursuant to Indiana Code § 35-43-5-4 by diverting funds received from the sale of vehicles for which AFC provided floor plan financing. Under Indiana law, a person suffering damages as a result of a violation of either of those criminal statutes may pursue a civil action and an award of treble damages, plus costs and attorney fees. Ind. Code § 34-24-3-1. A criminal conviction is not a prerequisite for a civil action and a plaintiff need only prove the offense by a preponderance of the evidence. *Northern Elec. Co., Inc. v. Torma*, 819 N.E.2d 417, 429 (Ind. App. 2004). A person commits criminal deception when he "misapplies entrusted property . . . in a manner that the person knows is unlawful or that the person knows involves substantial risk of loss or detriment to either the owner of the property or to a person for whose benefit the property was entrusted." Ind. Code § 35-43-5-3(a)(3). Fraud requires that a person, "with intent to defraud the person's creditor or purchaser, conceals, encumbers, or transfers property . . ." Ind. Code § 35-43-5-4(8).

Under the terms of the Note, KMC was required to hold all funds received on account of vehicles for which AFC provided funds in a trust for AFC's benefit. AFC asserts that the Tuckers committed deception and fraud by transferring proceeds for those vehicles out of its operations account without paying down its related loan obligations. AFC further asserts that a lot inventory showed that the Tuckers had sold vehicles without tendering the proceeds to AFC as required under the Note which the Tuckers guaranteed, and that it suffered damages from the Tuckers' alleged criminal deception and fraud, and further contends that the value of these vehicles sold out of the trust is $155,352.61. In their answer, the Tuckers have denied misapplying proceeds or intentionally diverting the sale proceeds. They deny any act of deception or fraud.

AFC's claims of criminal wrongdoing by the Tuckers is not supported by anything more than a general assertion. In fact, AFC does not set forth in the required "undisputed facts" portion of its brief, any factual support for a criminal violation. Nor would it be easy for it to do so in light of the intent and knowledge requirements to establish deception or fraud. The Tuckers were not a party to the Note which sets forth the obligation to hold funds in trust and while it is logical to assume that their close relationship with KMC might have provided them with knowledge of the manner in which the proceeds of any sale were to be distributed, there is no evidence in the record to establish this or to establish that they personally received or misapplied the proceeds. Nor does AFC show how any of the $155,352.61 in alleged actual damages was derived.

All that is attested to at this point is that an inventory of vehicles shows that some vehicles which were floor planned by AFC are no longer on the lot and the proceeds of any sale of those vehicles was not applied to the AFC debt. Without more, the court is not convinced that a judgment against the Tuckers on Count III, seeking treble damages for a criminal violation, is appropriately supported at this point.

**IV.   Conclusion**

For the reasons discussed in this entry AFC's Motion for Summary Judgment (Docket entry # 13) is **GRANTED** in **PART** as to Count II of its complaint which seeks damages for the breach of the Guaranty.  The motion is **DENIED** with respect to Count III, which seeks treble damages for criminal deceit or fraud.

IT IS SO ORDERED this 22nd day of May 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Steven D. Groth
BOSE MCKINNEY & EVANS
sgroth@boselaw.com

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
djurkiewicz@boselaw.com

Copies to:

THOMAS L. TUCKER
1623 North Meridian Avneue
Wichita, KA 67203

PAMELA K. TUCKER
1623 North Meridian Avenue
Wichita, KA 67203